Filed 11/25/24  P. v. Prestwood CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063088 |
| v. | (Super. Ct. No. FWV21002410) |
| DONALD ROBERT PRESTWOOD, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Kyle S. Brodie, Judge. Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Donald Robert Prestwood was convicted of felony elder abuse and related counts for striking an 82-year-old woman and knocking her to the floor, dislocating her hip, and striking her thereafter. On appeal, he contends the trial court erred by not instructing the jury with misdemeanor elder abuse. Prestwood contends the victim was more likely to dislocate her hip due to a prior injury, and therefore he did not apply force likely to result in great bodily injury. He claims the jury should have been instructed on the lesser included misdemeanor offense. Because we find there was no substantial evidence to support instructing on the misdemeanor, we affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The victim, Elizabeth M., was 82 years old on September 28, 2020. On that date, she lived in a senior apartment building in Fontana. Elizabeth's upstairs neighbor, Lorenza M., was a friend of her daughter, Crystal. Prestwood was also friends with Crystal, and knew both Elizabeth and Lorenza.

On September 28, Prestwood entered Lorenza's apartment without knocking. Prestwood said he needed to talk about his relationship with Crystal. According to Lorenza, he was acting very strangely, as if not in his right mind. Lorenza asked him to leave, followed him to Elizabeth's apartment, and watched him enter.

Elizabeth testified that Prestwood knocked at her door, told her somebody had beaten him up, and asked to come in to wash his hands. Elizabeth reluctantly let him in, telling him to wash and leave. After going to the kitchen sink and turning on the water, Prestwood asked Elizabeth for a towel, and she went to the couch using her walker to retrieve a towel.

Elizabeth asked him to leave, and at that point, Prestwood started to "pray and preach," saying that he was going to kill her because demons were in the house, "going on and on." Elizabeth tried to get him to leave, and Prestwood turned off the lights using the electrical panel behind the front door. Using her walker, she tried to go to the back bedroom to retrieve her phone and call the police. After she picked her phone up off the bed, she saw Prestwood standing in the doorway. Elizabeth said she would call the police, and Prestwood grabbed her shirt, took the phone, and pushed her, causing Elizabeth to fall down and hit her right hip and head on the wooden floor. She screamed in pain. She had returned home three days earlier from hip surgery and was wearing a brace.

From the hallway, Lorenza heard Elizabeth "yelling and screaming" and called 911. She went into the apartment and went to the back bedroom, where the noise was originating. She saw Elizabeth "struggling trying to get away" from Prestwood.

After she fell, Elizabeth testified Prestwood was on top of her. He beat her chest with his fists and asked where Crystal was. He threatened to hurt her if she refused to tell him where Crystal was, and she was afraid. He slapped her face because she would not stop screaming. Prestwood hit Elizabeth with one of the canes she had in the room.

Lorenza testified somewhat differently, stating "I guess they both fell backwards," and Elizabeth was on top of Prestwood.[1] Lorenza "squeezed

---

[1] On the night of the attack, Lorenza told the police a version consistent with Elizabeth's—that Prestwood "grabbed the victim with his arm with his hand on her arms and pushed her towards the floor, which made her fall; and he—and [Prestwood] was on top of the victim."

between" Elizabeth and Prestwood and separated them, elbowing him in the sternum to keep him from getting away. The police arrived shortly thereafter.

Elizabeth was unable to get up on her own, and paramedics transported her to the hospital. Elizabeth described her pain level as 10 out of 10, due mostly to her hip. She also had a headache and pain in her chest, neck, and arm.

A physician who treated her in the emergency room testified that Elizabeth had a dislocated hip, and doctors used sedation to put it back in place. Elizabeth was prescribed pain medication and discharged in a wheelchair the next day. A few months later, she had hip surgery, followed by four weeks in a skilled nursing facility.

At trial, Prestwood testified on his own behalf. He stated he had been hit in the head and was delusional at the time of the attack on Elizabeth. He stated Lorenza and his friend, Bert Morhone, attacked him, which was why he ran into Elizabeth's apartment and turned off the lights. He stated Elizabeth hit him with a cane and they both fell.

The jury found Prestwood guilty of felony elder abuse with great bodily injury, and found true the charged enhancement that he personally inflicted great bodily injury on a person over 70 years of age. (Pen. Code, §§ 368, subd. (b)(1), (2), 12022.7, subd. (c).)[2] Prestwood was also found guilty of criminal threats and misdemeanor battery. (§§ 422, subd. (a), 242.) The jury deadlocked on a count of first degree burglary, and the court declared a mistrial on that count, which the prosecution later dismissed. Prestwood admitted a charged prior conviction.

---

[2] All further undesignated statutory references are to the Penal Code.

The court sentenced Prestwood to a total term of 11 years. This was composed by the middle term of three years on the elder abuse count, doubled due to the strike prior, plus five years for the great bodily injury enhancement. The court reduced the criminal threats count to a misdemeanor and sentenced Prestwood to 180 days in jail, concurrent to the sentence on the elder abuse count. The court stayed imposition of sentence on the misdemeanor battery count pursuant to section 654.

Prestwood now appeals.

DISCUSSION

I.

INSTRUCTIONAL ERROR

*A. General Principles and Standard of Review*

"""The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request."' [Citation.] "Conversely, even on request, the court 'has no duty to instruct on any lesser offense unless there is substantial evidence to support such instruction.'" [Citation.] This substantial evidence requirement is not satisfied by "'*any* evidence . . . no matter how weak,'" but rather by evidence from which a jury composed of reasonable persons could conclude "that the lesser offense, but not the greater, was committed." [Citation.] "On appeal, we review independently the question whether the trial court failed to instruct on a lesser included offense."'" (*People v. Verdugo* (2010) 50 Cal.4th 263, 293.) In reviewing the record for this type of error, we view it in the light most favorable to the accused. (*People v. Woods* (2015) 241 Cal.App.4th 461, 475.)

*B. Procedural Context*

During the court's discussion of jury instructions with counsel, the court raised the issue of whether an instruction on the lesser included offense of misdemeanor elder abuse might be appropriate. "So the question would be whether or not the evidence would support a view that the assault happened, but that it was not under means likely to produce significant great bodily injury." The prosecutor replied that the evidence did not support such an instruction, referring to Elizabeth's testimony of events. The court replied: "I guess the question would be, if the jury—let's suppose they don't believe it. Let's suppose they say 'I don't think so. I think . . . Prestwood's telling the truth. I think [Elizabeth] is lying,' or wrong or whatever. 'I think . . . Prestwood's telling the truth, and there was this long-standing dispute involving Crystal. And [Elizabeth] was taking Crystal's side and was upset, and she started hitting him and others were hitting him, and he was defending himself.' I guess that's not a misdemeanor. That's just self-defense and not guilty, right? [¶] It would seem the nature of the assault—and it does not seem that there's any dispute that she did, in fact, suffer these injuries. I mean, the evidence is kind of not disputed that point."

Prestwood, who represented himself at trial, said his only dispute was that the "injury was already there. I did not intend—no one intended for [Elizabeth] to ever be hurt. It was an accident, and like you said, it was in self-defense."

The court decided not to give the lesser included instruction. "[A]s a legal matter if the jury believed the prosecution's case, I don't think there's a—I don't think there is substantial evidence that would show it as a misdemeanor assault, which means a lesser-included offense instruction on misdemeanor assault would not be warranted. [¶] If they reject the

6

prosecution's case, they have . . . Prestwood's testimony, [from] which they could then acquit him completely of all charges."

*C. No Substantial Evidence to Support Misdemeanor Instruction*

The court instructed the jury with CALCRIM No. 830, the standard jury instruction for elder abuse, as follows:

"The defendant is charged in Count 2 with elder abuse likely to produce great bodily harm or death.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant willfully inflicted unjustifiable physical pain or mental suffering on Elizabeth . . . ;

"2. The defendant inflicted suffering on Elizabeth . . . under circumstances or conditions likely to produce great bodily harm or death;

"3. Elizabeth . . . is an elder;

"AND

"4. When the defendant acted, he knew or reasonably should have known that Elizabeth . . . was an elder."

The instruction also defined "great bodily harm." "*Great bodily harm* means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm."

"As is relevant here, the difference between felony elder abuse and misdemeanor elder abuse is whether the abuse is perpetrated 'under circumstances or conditions likely to produce great bodily harm or death.' If it is, the crime is a potential felony. [Citation.] If it is not, the crime is a misdemeanor." (*People v. Racy* (2007) 148 Cal.App.4th 1327, 1334–1335 (*Racy*).)

7

We agree with respondent that substantial evidence does not support giving the lesser included instruction in this case. The evidence showed that Prestwood assaulted the 82-year-old victim. He grabbed her and she fell, striking her head and dislocating her hip. He then hit her on chest and face, and hit her with a cane. She could not get up on her own.

Lorenza gave two different versions of Elizabeth's fall to the floor. The first, given to police immediately after the events, was the same as Elizabeth's version. At trial, she testified, "I guess they both fell backwards," and Elizabeth landed on top of Prestwood.

Regardless of which version of events the jury believed, neither supports the assertion that the abuse did not take place under circumstances likely to produce great harm or death. Nor does Prestwood's claim that Elizabeth's preexisting hip condition was evidence that the force applied was not sufficient to cause great bodily injury. Even assuming Lorenza's trial testimony was correct, regardless of how Elizabeth reached the floor, beating an 82-year-old woman on her face and chest with fists and striking her with a cane was likely to cause great bodily injury or even death.

As for Prestwood's testimony, "'In deciding whether evidence is "substantial" in this context, a court determines only its bare legal sufficiency, not its weight.'" (*Racy, supra,* 148 Cal.App.4th at p. 1335.) Prestwood testified that he was delusional, yet able to remember the night of the attack. He claimed Elizabeth hit him with a cane and they both fell. Assuming this testimony is true, it is not sufficient to support a lesser included instruction. Either Prestwood was defending himself, in which case the lesser included would not apply, or he was not. If his self-defense claim was valid, there was no likelihood of great bodily harm and there was simply no elder abuse at all, not misdemeanor abuse. It is not a case of the self-

8

defense claim "precluding" a lesser included instruction, as Prestwood claims, but a situation where the facts advanced by Prestwood simply lack the substantial evidence necessary to support it.

The evidence supported only the felony instruction in this case. By contrast, in *Racy, supra,* 148 Cal.App.4th at page 1334, the court found the trial court had erred by failing to instruct on the lesser included offense of misdemeanor elder abuse. In that case, the victim, who was assaulted with a stun gun, suffered only minor injury. (*Id.* at pp. 1331, 1335.) Because the victim "did not suffer great bodily harm during the incident, so the jury was left to draw inferences about whether the circumstances or conditions under which defendant inflicted physical pain or mental suffering were likely to produce great bodily harm or death." (*Id.* at p. 1335.) The testimony at trial revealed that the victim, after being "zapped" with the stun gun, was able to retreat to a bedroom and attempt to make a 911 call. "He emerged unscathed . . . ." (*Id.* at p. 1336.) Based on the evidence, the jury should have been given the opportunity to decide whether the abuse took place under circumstances likely to produce great bodily harm or death.

This case is completely different. Unlike the victim in *Racy*, the victim here suffered serious injury. There was simply no substantial evidence from which the jury could find that Elizabeth's injuries did not occur under circumstances likely to cause great bodily harm or death. Accordingly, an instruction on the lesser included misdemeanor was unnecessary.

DISPOSITION

The judgment is affirmed.


                                    MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.